LAURIN L. SEVEBECK, PLAINTIFF-RESPONDENT, v. RAY-
MOND O. PECK, DEFENDANT-APPELLANT.

Submitted May 6, 1941—Decided September 3, 1941.

Before Justices PARKER, DONGES and COLIE.

For the appellant, *Snevily & Ely.*

For the respondent, *Louis C. Lehmann, Jr.*

The opinion of the court was delivered by

DONGES, J.   This is an appeal from a judgment of the
District Court of the Fifth Judicial District of Union County.
Plaintiff has a judgment for the recovery of $200 paid by
him to the defendant for architectural services and the prepa-
ration of plans and specifications in connection with the
proposed construction of a dwelling house.   Defendant's
counter-claim for $100 balance of fees claimed to be due him
was dismissed.

Plaintiff's proofs, as disclosed by the agreed state of case,
were to the effect that he had an agreement with the defendant
for the preparation of plans and specifications for a house to
cost $10,000 inclusive of architect's fees and legal services.
Defendant was to receive $300 for his services, $200 of which
was to be paid on the delivery of the plans, and $100 after
the granting of a mortgage loan.   The sum of $200 was paid.
Plaintiff testified that at all times the agreement was that
the house was to cost no more than $10,000, as he could pay
no more than that sum.   He admitted certain extra items

were asked for by him, but testified that this did not change the agreement with respect to total cost.

Bids were taken which ran from a low of $12,998 to a high in the neighborhood of $15,000. Plaintiff requested the defendant to confer with him with a view to revising the plans to bring the cost within $10,000, but defendant refused, demanding the balance of $100 and taking the position that his work was complete.

The testimony on behalf of the defendant was to the effect that he agreed to draw plans for a house to cost $10,000 for a fee of $300; that the plaintiff asked for many additions and extras, to such an extent that it became a laughing matter between them; that he told plaintiff these items would increase the cost over the original estimate but that plaintiff insisted on their inclusion. These extra items he testified increased the cost of the building by $3,203.15. Defendant testified that he did not consider that under the circumstances he was required to enter into further consultations and alter the plans to reduce the cost; as far as his contract was concerned, his work was done and his money due.

The points argued are that it was error to find in favor of the plaintiff upon his claim and error to find against the defendant on his counter-claim.

A reading of the agreed state of facts clearly indicates that a question of fact was presented for determination by the District Court Judge sitting without a jury. If the plaintiff's testimony is to be believed, then the defendant did not fulfill his contract to supply plans and specifications for a house which could be built for $10,000. This court will not weigh the evidence, but will affirm a judgment which has legal evidence to support it.

The judgment is affirmed, with costs.